IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVEANTE SMOOT,

        Plaintiff,

                                Civil Action 2:21-cv-1440
    v.                           Judge James L. Graham
                                Magistrate Judge Kimberly A. Jolson

JPAY, INC.,

        Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Keveante Smoot is an inmate at United States Penitentiary Big Sandy who is proceeding *pro se* against Defendant JPay Inc., ("JPay"). (Doc. 1). This matter is before the Court to conduct the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e) and 1915(A). For the reasons set forth below, the Undersigned **RECOMMENDS DISMISSAL** of the Complaint (Doc. 1) as time barred and for failure to state a claim upon which relief can be granted.

I.      **BACKGROUND**

In the instant case, Plaintiff seeks to recover damages for an alleged constitutional violation by JPay, a Florida company providing services to Plaintiff and other inmates in U.S.P Big Sandy. (*See generally* Doc. 1). Although not entirely clear, Plaintiff claims that JPay violated his rights under 42 U.S.C. § 1983 by turning over several of his email communications to an unnamed, non-party, law enforcement official. (*Id*. at 1). Specifically, he alleges that Defendant provided these communications "without a warrant or subpoena" despite representing that it "do[es] not give out emails . . . without a warrant or subpoena . . . " (*Id*. at 2). At base, Plaintiff argues that by disclosing these emails, "[Defendant] broke and violated [his] 4th and 5th Amendment [rights] . . . " (*Id*.).

Plaintiff seeks monetary relief of $75,000,000.00 for "lost wages [and] emotional, physical and mental injuries . . . ." (*Id.*).

After Plaintiff filed his Complaint on March 31, 2021, the Clerk issued a Notice of Deficiency directing him to either pay the full filing fee or submit a motion for leave to proceed *in forma pauperis*. (Doc. 2). On April 8, 2021, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 4). Upon review, the Court determined that Plaintiff's Motion was deficient, and ordered him to file an amended motion to proceed *in forma pauperis*. (Doc. 5). Shortly thereafter, Plaintiff amended his Motion, curing the deficiencies identified by the Court. (*See* Doc. 6). The Court then granted Plaintiff's amended Motion to Proceed *in forma pauperis*. (Doc. 7).

Given the location of his incarceration, Inez, Kentucky, coupled with the allegations in the Complaint, the Court ordered Plaintiff to show cause why jurisdiction is proper in this District, and why his action should not be transferred to the United States District Court for the Eastern District of Kentucky. (*Id.* at 2). In his response to the Show Cause Order, Plaintiff represents that the allegations in his Complaint arise solely from his previous criminal case in Columbus, Ohio. (Doc. 8). Furthermore, he represents that he is from Columbus, Ohio and will shortly be released to a halfway house there. (*Id.*). Importantly, Plaintiff states that the actions leading to this case occurred in November 2018. (*Id.*). Based on these representations, the Court is satisfied that jurisdiction is proper in this District. Accordingly, Plaintiff's Complaint is now ripe for screening.

## II.    STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores*

*v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989)).  This occurs when "indisputably meritless" legal

theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations.

*Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-

pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Yet,

a court is not required to accept factual allegations set forth in a complaint as true when such

factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x

427, 429–30 (6th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at

556).  In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S.

519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594

(6th Cir. 1989).

## III.    DISCUSSION

Plaintiff's case should be dismissed because it is untimely.  It also appears that this lawsuit

is not proper against JPay, the only named defendant.

### A.  Statute of Limitations

Plaintiff's case is untimely.  Plaintiff purports to bring his claims under 42 U.S.C. § 1983.

(*See generally* Doc. 1).  The statute of limitations applicable to claims arising in Ohio under 42

U.S.C. § 1983 is the two-year statute of limitations found in Ohio Revised Code § 2305.10.  *Boddie*

*v. Barstow*, No. 2:14-cv-0106, 2014 U.S. Dist. LEXIS 61384, 2014 WL 2611321, at *2 (S.D. Ohio

May 2, 2014), report and recommendation adopted, No. 2:14-CV-106, 2014 U.S. Dist. LEXIS

79419, 2014 WL 2608123 (S.D. Ohio June 11, 2014) (citing *Browning v. Pendleton*, 869 F.2d 989

(6th Cir. 1989)).  "Although the statute of limitations is normally an affirmative defense that must

be raised by defendants in an answer, if the limitations bar appears on the face of the complaint,

the Court may apply it during the initial screening process."  *Boddie*, 2014 U.S. Dist. LEXIS

61384, 2014 WL 2611321, at *3 (citing *Watson v. Wayne County*, 90 F. App'x. 814, at *3 (6th

Cir. 2004) ("If a statute of limitations defense clearly appears on the face of a pleading, the district

court can raise the issue sua sponte")).  This Court has often applied that rule in cases screened

under § 1915A.  *Id.* (citing *Smith v. Warren County Sheriff's Dept.*, No. 1:10-cv-113, 2010 U.S.

Dist. LEXIS 25528, 2010 WL 761894 (S.D. Ohio March 2, 2010)).  Accordingly, the Court must

look to the allegations in the Complaint to determine whether the action has been filed within the

applicable two-year period.

Here, it is clear that Plaintiff believes his constitutional rights were violated in November

2018—and at the latest, December 2018.  (Doc. 1 at 1, 2).  Indeed, he says that his emails were

used to support a criminal complaint dated December 20, 2018.  (*Id*. at 1).  Yet, he did not file this

case until March 31, 2021.  (*Id*.).  Further, it is clear that Plaintiff has been aware that the emails

were used to support the criminal complaint as early as December 16, 2019.  (*Id*.).  Accordingly,

Plaintiff missed his window to bring this suit, and the action should be dismissed as untimely.

**B.  Constitutional Claims Against JPay**

Even if Plaintiff's suit was timely, he would still face another hurdle.  Specifically, he has

not stated a claim upon which relief can be granted.  As noted, Plaintiff has brought his claim

under 42 U.S.C. § 1983.  In pertinent part, the statute states:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes
> to be subjected, any citizen of the United States or other person within the

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law . . .

Thus, to bring a successful § 1983 claim for an alleged constitutional violation, the defendant must have acted "under the color of law." *See id*. Stated differently, "the under-the-color-of state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Here, Plaintiff claims that Defendant JPay violated his Fourth Amendment rights. But that constitutional provision protects against unreasonable searches and seizures by the government. JPay is a private company, and would have had no authority to require the detective on Plaintiff's case to follow the Constitution as Plaintiff appears to have wanted. (*See* Doc. 1 at 1 (asserting that JPay failed to make the detective follow the Constitution)).

Moreover, based upon Plaintiff's allegations, it appears that his primary concern with JPay is that it did not comply with its contractual obligations. (*Id*.). Specifically, Plaintiff claims that JPay " broke [their] contract." (*Id.* at 1). The remedy for a breach of contract is more appropriately determined in state court—not under § 1983 in federal court. Relatedly, Plaintiff seeks $75,000,000 for his loss of liberty. (*Id*. at 2). Yet, the State, not JPay, has custody of Plaintiff. Finally, Plaintiff also mentions the Fifth Amendment (*see id*.) and potentially refers to the Eighth Amendment. (*Id.* at 2 (alleging he was "put through cruel and unusual punishment")). These allegations are too vague and conclusory to evaluate and thus do not properly state a claim upon which relief can be granted.

## C. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS DISMISSAL** of the Complaint (Doc. 1) as time barred and for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.


Date: May 5, 2021                              /s/ Kimberly A. Jolson
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE