IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Keveante Smoot,

    Plaintiff,

  v.                          Case No. 2:21-cv-1440

JPay,

    Defendant.

## OPINION AND ORDER

This is a civil rights action filed by plaintiff Keveante Smoot, an inmate at United States Penitentiary Big Sandy, who is proceeding pro se against defendant JPay. The gist of the complaint is that JPay provided email services to plaintiff, and that information contained in his emails were included in a criminal complaint filed against him on December 20, 2018. Plaintiff alleged that the information from his emails was provided to law enforcement officers without a warrant or a subpoena, resulting in a violation of plaintiff's Fourth and Fifth Amendment rights and breach of contract. Plaintiff further alleged that after the criminal complaint was filed, he was confined in jail and subjected to cruel and unusual punishment.

On May 5, 2021, the magistrate judge filed a report and recommendation. The magistrate judge conducted an initial screen of plaintiff's complaint pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(a)-(b)(1).

The magistrate judge construed plaintiff's constitutional claims as being brought under 42 U.S.C. §1983. The magistrate judge concluded that plaintiff's constitutional claims were barred by the two-year statute of limitations applicable to civil rights actions filed in Ohio. See <u>Browning v. Pendleton</u>, 869 F.2d 989, 992 (6th Cir. 1989). The magistrate judge also noted that plaintiff's breach of contract claim was a state-law claim which would more appropriately be litigated in state court. The magistrate judge recommended that the amended complaint be dismissed for failure to state a claim upon which relief may be granted.

I. Standard of Review

This matter is before the court for consideration of plaintiff's objections (Doc. 11) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

Title 28 U.S.C. §1915(e) requires the sua sponte dismissal of an action upon the court's determination that the action fails to state a claim upon which relief may be granted. <u>Grinter v. Knight</u>, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., <u>Hill v. Lappin</u>, 630 F.3d 468, 470-71 (6th Cir. 2010)

2

(applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)). Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008).

A motion to dismiss pursuant to Rule 12(b)(6) will be granted if the claim shows on its face that relief is barred by an affirmative defense. Riverview Health Institute LLC v. Medical Mutual of Ohio, 601 F.3d 505, 512 (6th Cir. 2010). A motion to dismiss under Rule 12(b)(6) on statute of limitations grounds should be granted when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief. New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003); Rauch v. Day and Night Manuf. Corp., 576 F.2d 697, 702 (6th Cir. 1978)(holding that a limitations defense may be raised by a Rule 12 motion).

II. Plaintiff's Objections

Plaintiff objects to the magistrate judge's characterization of his claims as being brought under §1983. He correctly notes that he did not refer to §1983 in his complaint. However, a plaintiff is not required to specify in the complaint the statute which provides the legal theory giving rise to his claim. Gean v. Hattaway, 330 F.3d 758, 765 (6th Cir. 2003). His complaint

3

purports to advance civil rights violations under the Fourth, Fifth and Eighth Amendments of the Constitution, and §1983 provides a procedural vehicle for asserting constitutional claims in federal court. Plaintiff does not identify any other statutory provision which would provide a jurisdictional basis for his civil rights claims.

The magistrate judge correctly concluded that plaintiff's §1983 claims are barred by the applicable two-year statute of limitations. The statute of limitations under §1983 begins to run when the plaintiff knew or should have known of the injury which formed the basis of his claims. Ruff v. Runyon, 258 F.3d 498, 500 (6th Cir. 2001). A plaintiff has reason to know of his injury when he should have discovered it through reasonable diligence. Id. at 501. Although plaintiff claims in his objections that he did not know about the alleged violations until the end of 2019, he alleged in his complaint that the information taken from his email account was included in a criminal complaint filed on December 20, 2018. He refers in his objections to Case No. 2:19-cr-20. The records of this court[1] under that case number indicate that a criminal complaint was filed against defendant on December 20, 2018. On January 4, 2019, a preliminary hearing was held at which the case agent whose affidavit was attached to the criminal complaint testified. By that date, plaintiff knew of or should have discovered through reasonable diligence the alleged injury.

---

[1] In ruling on a Rule 12(b)(6) motion, the court can consider public records which are referred to in the complaint and are central to plaintiff's claims. Bassett v. National Collegiate Athletic Ass'n 528 F.3d 426, 430 (6th Cir. 2008); see also Nixon v. Wilmington Trust Co., 543 F.3d 354, 357 (6th Cir. 2008).

4

Plaintiff's constitutional claims are barred by the §1983 statute of limitations.

Plaintiff has also asserted a claim for breach of contract. The magistrate judge correctly noted that such a claim would be based on state law. Because the court has concluded that plaintiff's federal claims are barred, this court may decline to exercise jurisdiction over the breach of contract claim. See 28 U.S.C. §1367(c)(3); Saglioccolo v. Eagle Ins. Co., 112 F.3d 226 (6th Cir. 1998). Indeed, "'if the federal claims are dismissed before trial, ... the state claims [generally] should be dismissed as well.'" Taylor v. First of America Bank-Wayne, 973 F.2d 1284, 1287 (6th Cir. 1992)(quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). Accordingly, the court will decline to exercise jurisdiction over the breach of contract claim.

III. Conclusion

In accordance with the foregoing, the court adopts the report and recommendation (Doc. 9). Plaintiff's objections are overruled. Plaintiff's constitutional claims are dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted. The breach of contract claim is dismissed without prejudice to being filed in state court. The clerk is directed to enter judgment dismissing this case.

Date: July 8, 2021                    s/James L. Graham
                                      James L. Graham
                                      United States District Judge